UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLOR MARIA PONCE,

    Plaintiff,

v.                                       Case No: 6:17-cv-1298-Orl-40TBS

SANTANDER CONSUMER USA,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which I have construed as a motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons that follow, I respectfully recommend that the motion be **denied** and this case be **dismissed without leave to amend**.

## Background

On July 14, 2017, Plaintiff filed her complaint against Defendant seeking a declaratory judgment, temporary restraining order, and mandatory injunction (Doc. 1). Plaintiff contends that she is the debtor on a car loan made by Defendant. She alleges that although she made (late) scheduled payments on the loan, Defendant failed to credit three months of payments (totaling $1,770) and is now unlawfully threatening to repossess the vehicle (Doc. 1 at 1-3). Plaintiff seeks a declaratory judgment against Defendant on the basis of predatory lending, inadequate or false disclosures, risk based practices, inflated fees and charges, harassing collections practices, and negative amortization (Id. at 5). Plaintiff contemporaneously filed her i*n forma pauperis* motion (Doc. 2). On July 17, 2017, I entered an Order in which I outlined some of the deficiencies in Plaintiff's complaint, reserved ruling on her *in forma pauperis* motion, and gave her until

August 7, 2017 to amend her complaint (Doc. 3). Plaintiff timely filed her amended complaint (Doc. 8), but it fails to cure the defects outlined in my July 17th Order and is insufficient to support Plaintiff's application to proceed *in forma pauperis* or to withstand dismissal of this lawsuit.

## Plaintiff's Allegations

In October, 2015, Defendant approved a vehicle loan to Plaintiff (Doc. 8 at 5). Plaintiff began making late payments in February, 2017 (Id.). She contacted Defendant to check her account balance and was told that it was $1,900 (Id.). At Plaintiff's request, she was transferred to a supervisor who informed her that, according to Defendant's records, she had not made a payment in four months (Id.). Plaintiff maintains that this information is inaccurate and that over the course of the relevant four months, she paid a total of $1,860 (Id.). Defendant had previously told Plaintiff she could make a minimum payment if she could not pay the entire balance due, but later informed her that this was a one-time only allowance (Id. at 8). On June 30, 2017, Plaintiff received a letter from Defendant notifying her that she was in default, and requesting an additional payment (Id. at 6). Defendant threatened repossession unless Plaintiff paid the additional amount requested (Id.). Plaintiff maintains that over the life of the loan, she has paid close to $10,000 and argues that the threat of repossession at this stage in the repayment process is unlawful (Id.). She accuses Defendant of misapplying her payments, increasing her interest rates and misleading her with additional charges (Id. at 1, 5). She maintains that Defendant's policy of charging late customers a fee of $10 per day is illegal (Id. at. 6). Plaintiff's complaint prays for damages "[a]mong USD 1870 and USD 21000" in addition to punitive damages in the amount of $75,000 (Id. at 10). Plaintiff alleges that she is a resident of Orlando, Florida and Defendant is "a business entity located in Dallas, Texas" (Id. at 9).

Plaintiff explains that her mother is co-signer on the loan and resides in Miami Beach, Florida (Id.).

## Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court, pursuant to 28 U.S.C. §1915(e)(2), should review the complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if it is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

### A. The Court Lacks Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) mandates an action be dismissed if the Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523

U.S. 83, 94 (1998). Federal district courts are courts of limited jurisdiction. Parties seeking to invoke that jurisdiction over a cause of action must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. Federal diversity jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a). A federal district court "has the obligation to review [on its own motion] whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the Court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Plaintiff has failed to establish that the amount in controversy meets the jurisdictional requirement. She has not clearly asserted a claim for damages but, I surmise from her averments that the amount falls between $1,860 and $21,000 (Doc. 8 at 10). Assuming the damage amount is at the high end of the spectrum, it is still tens of thousands of dollars below the jurisdictional threshold amount established in 28 U.S.C. § 1332(a). While Plaintiff contends that she is also entitled to $75,000 in punitive damages, she has not alleged a legal basis for the recovery of punitive damages or how she arrives at the amount she claims. It is not possible from Plaintiff's amended complaint to determine any logical connection between the punitive damage amount and the actual damages that are the basis of the lawsuit.

Plaintiff has also failed to adequately allege diversity. The citizenship of a corporation is determined by its state of incorporation and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Plaintiff has failed to allege Defendant's state of incorporation (Doc. 8 at 9).

For these reasons, I find that Plaintiff has failed to cure the jurisdictional defects outlined in my July 17th Order and I respectfully recommend that this case be dismissed for lack of jurisdiction. Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount ...'") (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

Any attempt to invoke this Court's subject matter jurisdiction due to the "federal question" analysis is likewise inadequate. Plaintiff mentions "The Federal Trade Commission Act Section 5; Unfair and Deceptives [sic] Acts or Practices and Truth in Lending and Truth in Savings Acts" (Doc. 8 at 1-2, 4-5, 7-8, and 11), but these references, without more, fall well short of establishing federal question jurisdiction.

### B. The Amended Complaint Fails to State A Cause of Action

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege her claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even pro se litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

In my July 17th order, I observed that,

> [Plaintiff's] allegations are conclusory and fail to state any
> cause of action upon which relief could be granted by this

> Court. None of Plaintiff's allegations raises a federal question
> and she has not alleged diversity jurisdiction over her claims.

(Doc. 3 at 2-3). Plaintiff has done nothing to cure this significant deficiency or to establish a legal basis for her claims. She has essentially re-stated her original complaint. As mentioned in section A, <u>supra</u>, Plaintiff has not alleged facts to support any cause of action against Defendant. By way of example, Plaintiff fails to attach the loan documents or a schedule of payments made to her amended complaint. Simply listing federal causes of action, as Plaintiff has done, is inadequate to sustain her responsibility at this stage in the litigation.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion to proceed *in forma paupers* be **denied** and that this case be **dismissed without further leave to amend**.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on August 8, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> *Pro se* Plaintiff